JAMES A. STAPLETON, Plaintiff, *v.* HERTZ DRIVURSELF STATIONS, INC., Defendant. (2 Cases.)

Municipal Court of New York, Borough of Manhattan, Sixth District, June 16, 1927.

Motor vehicles —liability of automobile renting corporation for damages when one of its automobiles collided with plaintiff's taxicab — defendant's automobile was being driven by friend of lessee when accident happened — since lessee had defendant's express permission to operate automobile, defendant is liable under Highway Law, § 282-e.

This is an action against the defendant, an automobile renting corporation, which, under a lease agreement, rents automobiles at a specified rate to persons who are licensed to operate motor vehicles. It appears that defendant turned one of its automobiles over to a party who had executed such a lease agreement and that said party subsequently permitted a friend to use and operate the vehicle. The accident happened while the lessee's friend was operating defendant's automobile. Since the lessee had exclusive control of the automobile, with the defendant's express permission, said lessee did not cease to use and operate it with defendant's permission, within the meaning of section 282-e of the Highway Law, by his unauthorized delegation of its use and operation to his friend, and, therefore, defendant is liable.

MOTION to dismiss complaints in actions for personal injuries and property damages brought against corporation engaged in leasing automobiles.

*Arthur A. Snyder*, for the plaintiff.

*James A. Nooney*, for the defendant.

PRINCE, J. Two actions are brought by the plaintiff against the defendant, one for personal injuries received by him due to the negligent operation of an automobile, concededly owned by

it, and the other for damages to plaintiff's taxicab at the time in question.

Defendant conducts the business of renting cars, at a specified rate, to persons who are licensed to operate automobiles and otherwise meet certain requirements laid down by it. These automobiles are leased or rented to the persons found eligible by it under an agreement called a " lease agreement."

On the evening of October 2, 1926, the vehicle in question was leased from the defendant by one Henry Osbahr who made application for the rental of the car and paid the required deposit. He also signed the " lease agreement " which contains all the terms under which a rental is made by the defendant, and the same was introduced in evidence by the defendant and marked " Defendant's Exhibit A."

At the time of the leasing of the car one Michael Maher, a friend of Osbahr, was present. Osbahr drove the automobile from the station of the defendant to some distant point and turned it over to the said Maher. The latter, accompanied by two others, not including Osbahr, set out for a ride which terminated in the accident complained of.

Maher drove the car at the time of the accident, was arrested and convicted of assault arising out of the same and sentenced to three months in the workhouse. From the proof offered there is no question of the negligence of Maher in the operation of the car at the time of the accident and the freedom from contributory negligence on the part of the plaintiff.

The case was tried before court and jury, and at the close of the case, by consent of both parties, the jury was withdrawn and all questions were to be determined by the court.

The defendant moved to dismiss the complaints on the ground that the defendant was not operating or in control of the automobile at the time of the happening of the accident, and this is the only question presented for determination by the court.

Under the " lease agreement " hereinbefore referred to, the defendant and Osbahr bound each other to certain conditions. In the 1st paragraph, to insure the faithful observance of the agreement, a certain deposit was made by Osbahr, called the lessee, which deposit was to be returned by the defendant, called the lessor, in the event of the faithful performance by the lessee of the terms of the " lease agreement." Otherwise the lessor could apply the said deposit, in so far as it may reach, to indemnify the lessor of and from any loss, cost or damage; and the lessor was not precluded from collecting from the lessee any damages in excess of the amount of the said deposit.

By the 1st clause of the " lease agreement " the lessee agreed not to allow or permit any person other than the lessee to operate said automobile.

By the 2d clause the lessor agrees to place insurance on every automobile leased, for fire, theft and property damage, not exceeding $1,000, covering the lessee, provided that such property damage did not result, among other things, " from permitting any person other than the lessee to operate the automobile," in which latter event, such insurance was to immediately cease, " and the lessee shall be liable for the full amount of the damages or loss sustained, together with rewards, attorney's fees and court costs."

By the 5th clause the lessee agreed to hold the lessor harmless and to indemnify it from any claim, demand or judgment, and defend, at his own expense, any action or proceeding brought against the lessor by reason of any damage or injury sustained by any person or persons resulting from this leasing.

It thus seems clear that the lessee was to indemnify the lessor for any damage caused to the automobile rented or for any moneys it was called upon to pay due to a violation of the terms of the " lease agreement."

There is no question but that the lessee violated the terms of the " lease agreement " for which he is answerable to the lessor, the defendant in this action. To give effect to the contention sought for by the defendant would impose upon the plaintiff terms and conditions of an agreement to which he was not a party and, therefore, not binding upon him, and deprive him of the benefit and protection of the statutes relating to cases of this character. " A person may lawfully waive by agreement the benefit of a statutory provision. But there is an exception to this general rule in the case of a statutory provision whose waiver would violate public policy expressed therein, or where rights of third parties which the statute was intended to protect are involved." (13 C. J. 423, 424.)

By the 12th clause of the " lease agreement " the lessee irrevocably constitutes any attorney of any court of record to appear for him, in his behalf, and to confess judgment without process in favor of the lessor for such amount as may appear to be unpaid by reason of any breach of the agreement.

This clause likewise indicates that the defendant sought to protect itself from any damage or moneys it might be called upon to pay arising from any breach of the " lease agreement," and that the entire agreement is so worded as to provide for reimbursement to it by the lessee of all moneys it was called upon to pay in certain contingencies.

The car in question was owned by the defendant, and was leased to Osbahr and was under his immediate supervision, operation, use and control with the defendant's permission.    The fact that he, without authorization from the lessor, delegated this operation, use and control to Maher, will not militate to defeat the rights of the plaintiff against the defendant given to him by statute.

Under section 282-e of the Highway Law (added by Laws of 1924, chap. 534, as amd. by Laws of 1926, chap. 730) " Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

In the recent case of *Grant* v. *Knepper* (245 N. Y. 158, 164, 165) the Court of Appeals, by Chief Judge CARDOZO, said: " The statute may be said in a general way to have brought about the same results as had been attained in some jurisdictions without reference to any statute by the so-called doctrine of ' the family automobile ' * * *.    Only a narrow construction would permit us now to say that an owner placing a car in the care of members of his family to be used for their pleasure or for the family business would escape liability if wife or son or daughter should give over the wheel to the management of a friend.    The ruling has been more liberal whenever the question has come up ( *Kayser* v. *Van Nest,* 125 Minn. 277; *Thixton* v. *Palmer,* 210 Ky. 838; *Ulman* v. *Lindeman,* 44 N. D. 36, 41)."

Enterprises such as conducted by the defendant are held to more stringent laws and supervision, and to a higher degree of accountability than private owners of automobiles.

This is shown by subdivision 1 of section 282-b of the Highway Law (added by Laws of 1922, chap. 612, as amd. by Laws of 1925, chap. 315), which requires all persons " engaged in the business of carrying or transporting passengers for hire in any motor vehicle " (with some exceptions not important here) to file with the Commissioner of Motor Vehicles an indemnity bond " conditioned for the payment of any judgment recovered against such person * * * for death or for injury to persons or property caused in the operation, maintenance, use or the defective construction of such motor vehicle."

Subdivision 4 of the same section (added by Laws of 1922, chap. 612, as amd. by Laws of 1924, chap. 413), which is applicable to the defendant in the instant case, provides that " a person * * * engaged in the business of renting or leasing motor vehicles to be

Municipal Court of New York, June, 1927.          [Vol. 129

operated upon the public highways shall be subject to the provisions of this section."

Ownership of the automobile, therefore, establishes liability where the car is being operated by a person legally using the same, that is, where it is not being operated or used by a person who has stolen the car but has obtained it with the owner's permission, express or implied.

Defendant denies that Maher was using or operating the automobile with its permission, express or implied, and it cannot, therefore, be held liable  While it may be true that Maher was operating the car without the defendant's permission, its liability still continues for the reason that Osbahr had exclusive control of the automobile with the defendant's express permission and he, in turn, permitted Maher to use and operate the same.  While this was a breach of the " lease agreement," Osbahr did not cease to use and operate it, and to use and operate it with permission of the defendant, by his unauthorized delegation of this use and operation to Maher, though the method of operation may have been illegal or forbidden, and its use and operation by Maher was the use and operation by Osbahr, even though he was not present at the time of such use and operation.   (*Grant* v. *Knepper, supra.*)

The Legislature of the State, under its police power, has seen fit to pass laws for the protection of its citizens and others within its boundaries from irresponsible drivers of automobiles who rent cars and operate them in a reckless and negligent manner, causing damage and injury to others, and if the contention of the defendant was approved it would tend to  nullify and circumvent the protective measures the Legislature has adopted.

The owner of an automobile, who leases it to an irresponsible person, should be required to indemnify those who are injured as a result of the negligence of the operator of such vehicle.  This statute should have the tendency of preventing persons engaged in the leasing of automobiles from renting them to those who are imprudent, irresponsible, unskillful or inexperienced in the operation of such vehicles, and if they are lax in their inquiry or er' in their judgment the loss, if any, should fall upon them and not upon persons rightfully and lawfully upon the highway and who are injured through the negligent and unskillful operation of the automobile.

The motions to dismiss the complaints are, therefore, denied, and I hereby find and decide that, after trial, the plaintiff is entitled to recover from the defendant the sum of $250 in the action brought for personal injuries, and the sum of $400 in the action brought for damages to property.   Ten days' stay.