JAMES A. STAPLETON, Respondent, *v.* HERTZ DRIVURSELF STATIONS, INC., Appellant.

Supreme Court, Appellate Term, First Department, December 22, 1927.

Motor vehicles — liability of owner — defendant rented automobile to third party under agreement lessee alone would drive vehicle — defendant is not liable under Highway Law, § 282-e, where third party turned automobile over to another who collided with plaintiff's automobile.

Defendant, which rented an automobile to a third party under an agreement providing that no one other than said lessee would drive the vehicle, is not liable to plaintiff, under section 282-e of the Highway Law, where it appears that said lessee turned the automobile over to another, who, while driving it, collided with plaintiff's automobile.

APPEAL by defendant from judgment of the Municipal Court, Borough of Manhattan, Sixth District, in favor of plaintiff, entered after a jury had been withdrawn by consent and all questions submitted to the court.

*James A. Nooney* [*Joseph Force Crater* of counsel], for the appellant.

*Arthur A. Snyder* [*Gordon S. P. Kleeberg* of counsel], for the respondent.

PER CURIAM.   Defendant rented an automobile to one Osbahr under a written agreement which provided that Osbahr would

allow no one other than himself to drive the car. After going a short distance he turned the automobile over to one Maher who drove it away while Osbahr went to his own home. Maher invited two friends to go with him and while driving collided with plaintiff's automobile.

The issue of negligence is assumed to have been decided in plaintiff's favor. The only point to which the learned judge below directed his attention, as shown by his opinion, is the application of section 282-e of the Highway Law (added by Laws of 1924, chap. 534, as amd. by Laws of 1926, chap. 730) to this situation. An elaborate discussion seems to be unnecessary in view of the fact that a decision of the Appellate Division in the Third Department (*Owen* v. *Gruntz*, 216 App. Div. 19) is decisive in defendant's favor.

The distinction between a case where the driver has the owner's permission and remains in control of the car even though he permits somebody else to actually handle the wheel and a case like the one before us (which was also the *Owen* case) where the party who enjoys the permission of the owner abandons the car after turning it over to some one else, is pointed out also in *Grant* v. *Knepper* (245 N. Y. 158).

Judgment reversed and a new trial granted, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, LEVY and CRAIN, JJ.