[Civ. No. 7572. First Appellate District, Division Two.—June 29, 1931.]

DOROTHY SUTTON, Respondent, v. C. A. TANGER, Appellant.

F. N. ALMSTEAD, Respondent, v. C. A. TANGER, Appellant.

Theodore Hale, Barry J. Colding, Carroll B. Crawford and B. P. Gibbs for Appellants.

Kilpatrick & Goodman for Respondents.

GRAY, J., *pro tem.*—In the above-entitled actions, tried together before a jury, each respondent recovered a judgment for injuries received in a collision between an automobile operated by Dorothy Sutton and in which F. N. Almstead was a passenger, and another automobile, owned by appellant and operated by a renter. Appellant first contends that his demurrers to each complaint should have been sustained, because, while the facts pleaded show his

liability under section 1714¼ of the Civil Code, such section violates the requirement of article I, section 11, of the state Constitution that all laws be uniform, by failing to be applicable to owners of horse-drawn vehicles. As broadly stated by him, this criticism is equally applicable to all the regulations of the California Vehicle Act, which have been repeatedly held constitutional in that regard. (*Matter of Application of Schuler*, 167 Cal. 282 [Ann. Cas. 1915C, 706, 139 Pac. 685]; *In re Schmolke*, 199 Cal. 42 [248 Pac. 244]; *Old Homestead Bakery, Inc.*, v. *Marsh*, 75 Cal. App. 247 [242 Pac. 749].) More narrowly stated, the section does impose upon an automobile owner alone, a new liability analogous to the doctrine of *respondeat superior*, without the existence of the relationship of employment or agency or family and irrespective of negligence in ascertaining the competency of the driver. In *Buelke* v. *Levenstadt*, 190 Cal. 684 [214 Pac. 42], section 24 of the California Vehicle Act, which imputes negligence of the minor to the person who signed his application for operator's license, was held not violative of the above constitutional provision. While it is true that an automobile may not itself be a dangerous instrumentality, yet, in the hands of an incompetent person, it may, under modern traffic conditions, become extremely dangerous to life, limb or property. The greater potential danger in case of a fast-moving automobile as compared to a slow-traveling horse-drawn vehicle warranted the legislature in placing its owner in a separate class by imposing this new liability upon him, effectively requiring him to ascertain at his peril, the competence of the borrower. A similar statute of the state of Michigan was held in *Stapleton* v. *Independent Brewing Co.*, 198 Mich. 170 [L. R. A. 1918A, 164 N. W. 916], to be a valid exercise of the police power. In *Robinson* v. *Bruce Rent-A-Ford Co.*, 205 Iowa, 261 [61 A. L. R. 851, 215 N. W. 724], another similar statute was upheld as not violating due process of law. A statute of the state of New York, identically worded as our code section in its material part, was also sustained as constitutional. (*Feitelberg* v. *Matuson*, 124 Misc. Rep. 595 [208 N. Y. Supp. 786, 789]; *Stapleton* v. *Hertz Drivurself Stations*, 129 Misc. Rep. 772 [222 N. Y. Supp. 579].)

The appellant next urges that the evidence is insufficient to support the verdict because it does not show who

was driving his car at the time of the accident. Appellant admits that about four hours before the accident he rented his automobile to a person giving his name as Leroy Foster and showing a license in that name. A passenger in this automobile, who was dozing at the time of the accident, testified that about an hour or two after such rental, he was introduced to a man with this name and that such man was driving the automobile at the time of the collision. This driver fled the scene of the accident and has never been seen since. The jury was warranted in inferring an identity of person from identity of name (Code Civ. Proc., sec. 1963, subd. 25); and that the operation of the automobile by the same person continued from its rental to the accident. (Code Civ. Proc., sec. 1963, subd. 32.) But even if the renter was not the operator, appellant would still be liable.

The code section makes the owner liable for the negligence of any person *using* or *operating* his automobile with his implied or express permission. The word ''operate'' meaning ''to direct or superintend'', is sufficient to hold the owner liable for the negligence of a person to whom his permittee has temporarily entrusted the automobile. (*Bosse* v. *Marye,* 80 Cal. App. 109 [250 Pac. 693].) A statute providing that the owner of an automobile shall not be liable for injury occasioned by its negligent operation, unless it was being driven by his express or implied consent or knowledge, does not require that the particular driver must be known, and his driving consented to by the owner; and hence the owner would be liable for negligent injury caused by his automobile loaned to another and being driven by the latter's brother at the time of the accident. (*Kerns* v. *Lewis,* 246 Mich. 423 [224 N. W. 647].) The following excerpt from *Feitelberg* v. *Matuson, supra,* is particularly pertinent:

''What was the purpose of adding the word 'use' unless it was meant to include the person who had the actual, though not physical control of the car, and who was constituted by the owner its master *ad hoc.* If the liability of the owner were limited to the acts of the operator, the statute would become a dead letter in most cases. Its evasion would be an easy matter. The statute must be interpreted in harmony with its verbiage. We cannot hold that 'using' and 'operating' are interchangeable or synonymous words. If

the owner chooses to intrust his car to another person, he invests such person, so long as he uses the car, with the same authority in regard to the management of the car which the owner has. That authority includes the right to select the operator. The statute so provides in unmistakable language.''

Respondent asked the jurors collectively on their *voir dire* the following question: ''Has any lady or gentleman in the jury box any interest either as a stockholder or bondholder, agent or otherwise in the New Amsterdam Casualty Company?'' Appellant merely objected to the question but requested no admonition by the court. The court properly overruled the objection. (*Dougherty* v. *Ellingson,* 97 Cal. App. 87 [275 Pac. 456].)

Immediately prior to the accident, respondent Sutton had driven her sedan, at a rate of from 8 to 10 miles per hour, between intersecting streets, across the Embarcardero, having a width of 200 feet, preparatory to boarding the Southern Pacific automobile ferry from San Francisco to Oakland. When her automobile was 8 feet westerly of the curb projected and as she was turning into the vehicular lane, at the direction of the company's traffic officer, the sedan was struck at its right front door by the left front portion of appellant's automobile, traveling on its right side of the street, and slid around a distance of 3 or 4 feet. Although the street was well lighted and nothing obstructed respondent's view to the right, she testified she did not see appellant's car until it was right on top of her. As to this respondent alone, appellant argues that she was guilty of contributory negligence as a matter of law in failing to see the other car prior to the collision. But other additional facts required the submission of this question to the jury. On cross-examination, this respondent testified that she went across the Embarcadero looking both ways, that when in the center of the Embarcadero and when three-quarters of the way across, she looked but did not see the other automobile until it was right on top of her. The traffic officer testified he first saw the other automobile when it was 60 or 70 feet from the point of impact and that it was then traveling at between 35 and 40 miles per hour. At this rate of speed it would travel this distance in approximately one second of time. Whether respondent had taken proper precautions of

observation under all the attendant circumstances was a question of fact which the court properly left to the jury's decision.

The judgments are affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.