[Civ. No. 8502. First Appellate District, Division One.—January 11, 1933.]

MINNIE GARRISON et al., Respondents, v. CARL WILLIAMS et al., Appellants.

WILLIAM J. CORKERY, Respondent, v. CARL WILLIAMS et al., Appellants.

Humphreys, Searls, Doyle & MacMillan and Morgan J. Doyle for Appellants.

Ford & Johnson and J. Horton Beeman for Respondents.

JAMESON, J., *pro tem.*—These two actions were brought for damages for injuries sustained in a collision of automobiles. They grew out of the same accident, and for the purposes of trial were consolidated.

A jury trial was had and a verdict of $2,500 was returned in favor of plaintiffs Minnie Garrison and J. D. Garrison against Carl Williams and Gladys Williams, and a verdict of $15,000 in favor of plaintiff Corkery and against defendants Williams, also a verdict in favor of defendant Lee. Judgment was entered for plaintiffs for

said respective amounts, and from this judgment defendants Carl Williams and Gladys Williams have appealed.

The undisputed evidence is substantially as follows: Appellants Carl Williams and Gladys Williams are husband and wife. The automobile that was being operated by Carl Williams at the time of the collision was owned by Gladys Williams as her separate property. Her said husband was driving it with her knowledge and permission, but he was on a pleasure trip of his own and was not acting as the agent of his wife. The collision occurred on August 17, 1930, shortly after noon on the state highway, about one-half mile south of its intersection with the road leading to South San Francisco.

Respondent Corkery was traveling north on said highway in a five-passenger sedan, accompanied by his sister Minnie Garrison and another relative of his, as his guests. At the place where the automobiles collided there were four lanes of travel, two being used by the south-bound vehicles and two by the north-bound. Respondents were proceeding northerly on the outer easterly or right-hand lane, and were passed by an automobile going in the same direction driven by defendant Lee, who, after passing, swung back into the lane upon which respondents were traveling. While said Lee was passing respondents' automobile, appellant Carl Williams, who was traveling south on said highway in his wife's automobile, left his lane on the westerly side of the highway and started diagonally across same at a speed of from forty-five to fifty miles an hour, in the face of the oncoming traffic going north thereon; and, having reached the easterly side of the said highway, he first struck the Lee car a glancing blow and then collided with the Corkery automobile which, at the instant of the collision, had come practically to a stop on the extreme easterly edge of the highway.

Section 1714¼ of the Civil Code provides in part that: "Every owner of a motor vehicle shall be liable and responsible for the death of or injury to a person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner."

Appellants contend that this section is unconstitutional, but this contention has been decided adversely to appellants. (*O'Neil* v. *Williams,* 127 Cal. App. 385 [15 Pac. (2d) 879]; *Sutton* v. *Tanger,* 115 Cal. App. 267 [1 Pac. (2d) 521], and authorities cited.)

Appellants next contend that the trial court erred in holding that the permission given by Gladys Williams to her husband to use her automobile imposed any liability upon her for his negligence while operating it under such permission. This contention has also been held to be without merit. (*O'Neil* v. *Williams, supra.*)

Appellants offered no testimony at the trial of this case, but they claim that the law creates a presumption that Carl Williams was traveling at a lawful rate of speed and upon the proper side of the highway at all times, and that this presumption is evidence, and therefore the court erred in directing a verdict against them. That this presumption is evidence and should be submitted to the jury, unless it is dispelled by the testimony of the party in whose behalf this presumption is invoked, seems to be well settled. (*Smellie* v. *Southern Pac. Co.,* 212 Cal. 540 [299 Pac. 529]; *Mar Shee* v. *Maryland Assur. Corp.,* 190 Cal. 1 [210 Pac. 269]; *Olsen* v. *Standard Oil Co.,* 188 Cal. 20 [204 Pac. 393].) However, we are satisfied that the jury, under the undisputed facts before it, showing the recklessness of Carl Williams, and his utter disregard of the lives and safety of others in leaving his proper side of the highway and deliberately driving the automobile operated by him, at a high rate of speed, into the face of the oncoming traffic on the east side of said highway, would not have reached a different verdict had the case been submitted to them.

In *Rogers* v. *Interstate Transit Co.,* 212 Cal. 36 [297 Pac. 884, 886], the court said: "In the face of this direct and positive evidence it is hardly conceivable that the jury would have placed any great reliance, or any reliance at all, on any presumption as to plaintiff's conduct, even though they were told by the court that they might do so." And in this same case the court further said that by section 4½ of article VI of the Constitution, the courts are restrained from reversing judgments on the ground of misdirection of the jury unless after an examination of the

entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.

■ We are of the opinion that even though the court should have submitted the question of Carl Williams' negligence to the jury, instead of directing the jury to return a verdict, yet under the facts of this case there was no miscarriage of justice, as the jury could not have brought in any other verdict.

Appellants further contend that the judgment for $15,000 in favor of respondent Corkery is void as being in excess of that provided by law in cases under section 1714¼ of the Civil Code. This section provides that for the death of or injury to one person the amount recoverable is limited to $5,000 to one person in any one accident, and to $10,000 where more than one person is injured. After this appeal had been taken, the trial court made a *nunc pro tunc* order amending the said judgment against Gladys Williams in favor of respondent Corkery, by reducing and limiting it to $5,000. This correction was made upon the ground that the clerk of said court had inadvertently entered the judgment for $15,000 instead of $5,000. Appellants contend that this action of the trial court was erroneous in that the lower court had lost jurisdiction of the action by virtue of the appeal.

In *Lauchere* v. *Lambert*, 210 Cal. 274 [291 Pac. 412, 414], the court held that the lower court possessed the power to make and enter a *nunc pro tunc* order correcting the prior entry and clerical misprision of the clerk so as to make the record speak the truth, notwithstanding the fact that in the meantime an appeal had been made up and certified prior to the making and entry of the *nunc pro tunc* order and, quoting from *Fay* v. *Stubenrauch*, 141 Cal. 573 [75 Pac. 174], the court said: "Nor is the right of the lower court to amend suspended or impeded by an appeal, where an amendment does not affect any substantial rights of the appellant, and consists of the correction of a clerical mistake appearing upon the face of the record. It is true that the court by the appeal loses jurisdiction of the cause, for the purpose of the appeal, but it does not lose jurisdiction of its records." (Citing numerous authorities.)

■ The record in the case at bar shows that the verdict in favor of Corkery was for $15,000 and therefore the clerk, as he was required to do by law, entered judgment in favor of Corkery for that amount. There is no showing that the trial court ordered the clerk to enter any different judgment. Under these circumstances it can hardly be said that the entry of the $15,000 judgment was a clerical error of the clerk. ■ However, in this case there were no instructions offered or given calling the attention of the jury to the limitation of damages provided by said section 1714¼ of the Civil Code, nor did appellants object to the form or amount of the verdict, nor did they file a motion for a new trial, nor in any manner call the attention of the trial court to the excessive nature of the verdict and judgment in favor of Corkery. Where, upon appeal, the judgment of the trial court is deemed excessive this court will modify it. (*Webster* v. *Harris,* 119 Cal. App. 46 [6 Pac. (2d) 88].) Therefore, the judgment in favor of respondent Corkery and against appellant Gladys Williams is modified by reducing the same to the sum of $5,000.

■ We find no merit in the claim of appellants that respondents should first have exhausted their remedy against the operator of the automobile before proceeding against the owner, nor that the husband of Minnie Garrison cannot recover from the owner the loss sustained by him arising out of the injury sustained by his wife by reason of the said accident. The judgment as modified is affirmed; each party to pay his own costs on this appeal.

Knight, Acting P. J., and Cashin, J., concurred.