254

[Civ. No. 7102.   Third Dist.   May 21, 1945.]

ORA C. DAVIDSON et al., Respondents, v. TOM EALEY, Appellant.

Robert H. Davis and William H. Brawner for Appellant.

Jones & Quinn for Respondents.

PEEK, J.—The plaintiffs are the surviving wife and daughter, respectively, of W. W. Davidson, who was killed as the result of a collision on January 5, 1941, between the automobile he was driving and an automobile owned by the defendant, Tom Ealey, which was then being driven by one Nelson. By stipulation of counsel at the time of the trial it was agreed that as a result of the negligence of Nelson, Davidson was killed, and that if defendant Ealey was found to be liable, any damage suffered by the plaintiffs would exceed the statutory amount of $5,000 as provided in section 402 of the Vehicle Code. The judgment of the trial court was in favor of plaintiffs and against Ealey alone. From said judgment he has appealed.

Ealey resided at 1651 Essex Street in the city of Los Angeles. Nancy Walker, who is also referred to in the transcript as Maude Walker, Patsy Palmer, and Asabel Williams resided at the address. The two girls were desirous of visiting one Sadie Williams, a mutual friend who lived in Stockton. Ealey testified that Nancy, Patsy and Asabel asked him to loan them his car, to which he agreed, with the provision that Asabel, whom he had known for some time and knew to be a careful driver, would drive the car. He further stated he told them they were to be back in Los Angeles not later than January 4th.

Nancy first testified the car was loaned to her provided she could furnish a driver. Later she testified that Ealey would not lend her the car but that he would lend it to Asabel. She finally testified that she asked Asabel "to carry me to Stockton," to which he agreed as he had never seen that part of the state; that they then all got together and asked Ealey if he would lend Asabel the car; that Ealey told them he would, provided they went only to Stockton and brought the car safely back to Los Angeles. The party left Los Angeles on December 27th, arriving in Stockton the following morning, where they stayed until the day before the accident.

On that day a party developed and included in it were the two girls, Asabel, a "Miss Lindy" from San Francisco, and James P. Nelson, who was identified as the driver for one Madeline Jackson, at whose home the party was held. In the words of Nancy, "There was just a party of us there drinking and we all decided to carry Miss Lindy home, because her time was up and she was ready to go home." From the deposition of Nelson, which was read into the record, it is disclosed

that he was requested to drive the car by the woman whom he understood to be Mrs. Ealey, the owner of the car, and who told him she would pay him for driving them to San Francisco. The person so named by Nelson is the Nancy Walker previously referred to herein. The record does not disclose what happened to Asabel.

The accident occurred on the return trip from San Francisco at a point a short distance south of the city of Stockton. By a further stipulation of counsel during the course of the trial it was agreed that as a result of the accident Nelson was convicted of a felony, and at the time of the trial was incarcerated in San Quentin prison.

Appellant now contends that the findings and judgment of the court are contrary to and not supported by the evidence and against law; first, that Finding No. III, which in part states "that at said time and place Defendant Tom Ealey" so operated the car as to cause the accident, is substantiated by no evidence whatever and is clearly erroneous; secondly, that the evidence shows the car was operated in violation of the express limitations imposed by the owner, and, lastly, that Nelson was at all times within the state but was not served with process in accordance with section 402, subsection (c) of the Vehicle Code.

In support of his first contention appellant argues that there is no evidence whatever to support the finding that ". . . at said time and place Defendant Tom Ealey" so operated the Buick automobile as to cause the death of Davidson, and any judgment based thereon must be reversed. The finding in its entirety reads as follows:

"That it is true that on the 5th day of January, 1942 at approximately 6:30 A.M. James P. Nelson was driving the Buick automobile hereinbefore referred to by and with permission and consent of defendant Tom Ealey, in a northerly direction upon and along Highway 50, a public highway in the County of San Joaquin, at a point about eight miles South of Stockton near Fisher's Hatchery. That at said time and place Defendant Tom Ealey so negligently, carelessly and recklessly operated said Buick automobile hereinafter referred to as to cause the same to collide with a Ford automobile which was being operated in a southerly direction upon and along Highway 50 by said Walter Wesley Davidson. That as a

proximate result of the negligence, carelessness and recklessness alleged Walter Davidson was killed instantly."

It is readily apparent from a reading of said finding that the true purpose and intent thereof was to find that Nelson, with the permission and consent of Ealey, was so carelessly and negligently driving the automobile at the time of the accident that as a proximate result thereof Davidson was killed. The fact that Ealey is designated as the driver can be nothing more than a mere inadvertence or a clerical error to which no greater importance should be attached. This situation falls squarely within the provisions of section 956a of the Code of Civil Procedure, wherein it is stated that said section shall be liberally construed in order that whenever possible, causes may be finally disposed of by a single appeal without further proceedings in the trial court, and that ". . . a district court of appeal may make findings of fact contrary to, or in addition to, those made by the trial court." The second sentence of said Finding No. III is therefore amended to read as follows:

"That at said time and place Defendant James P. Nelson so negligently, carelessly and recklessly operated said Buick automobile hereinbefore referred to as to cause the same to collide with a Ford automobile which was being operated in a southerly direction upon and along Highway 50 by said Walter Wesley Davidson."

In all other respects said finding will remain as adopted by the trial court.

It is appellant's argument in support of his second contention that as two witnesses testified the car was loaned to Williams to drive to Stockton and no further, and to be returned to Los Angeles not later than January 4th, there was no evidence to show any authorization for any other use, and therefore the original permission was for a limited use for a limited time in the hands of a specified party to whom the permission was restricted.

The foundation of the statutory liability of an owner under section 402 of the Vehicle Code is the permission, express or implied given by him to another to use his car.

Thus the real question for this court to determine is whether there is any evidence or inference to be drawn from the evidence to support the finding that ". . . Nelson was driving the Buick automobile . . . by and with the permis-

sion and consent'' of the defendant owner.  An examination of the transcript in relation to this question convinces us that the previously noted testimony of Nancy Walker, although contradicted by Ealey, was sufficient to sustain the finding of the court that the permission given by Ealey to her was general and unaffected by any restrictions.  This conclusion finds amplification in the comments of the trial judge at the conclusion of the hearing when he stated in part: ''The defendant gave Nancy Walker general permission to use his car . . . and if it was limited in any way, it was merely because he was aware that Nancy Walker could not drive the car. . . . The court does not accept the defendant's version of the case, namely, that he limited the use of the car to Asabel. . . .'' Therefore, ''the use which was being made of the borrowed car at the time of the accident was the use which was contemplated by the owner.'' (*Herbert* v. *Cassinelli*, 61 Cal.App.2d 661 [143 P.2d 752]; *Bayless* v. *Mull*, 50 Cal.App.2d 66 [122 P.2d 608].)

█ Even if the rule were otherwise it is apparent from the evidence and the further observation of the trial judge that ''there can be no doubt that Nancy Walker, who actually borrowed the car, was agreeable to the trip, because she accompanied the party and agreed that Nelson should do the driving,'' poses a further question, which likewise must be determined against appellant.  It is well established that ''if an automobile is being driven by another with the consent of the permittee where the permittee accompanies the driver, the owner is liable to the extent set forth in section 402 of the Vehicle Code.'' (*Burgess* v. *Cahill*, 26 Cal.2d 320 [158 P. 2d 393]; *Hicks* v. *Reis*, 21 Cal.2d 654 [134 P.2d 788]; *Sutton* v. *Tanger*, 115 Cal.App. 267 [1 P.2d 521]; *Hughes* v. *Quackenbush*, 1 Cal.App.2d 349 [37 P.2d 99]; *Armstrong* v. *Sengo*, 17 Cal.App.2d 300 [61 P.2d 1188].)

█ Appellant's final contention is that as Nelson admittedly was within the State of California at all times and his whereabouts known to respondents, their failure under such circumstances to serve him with process renders any judgment obtained against the owner alone, erroneous, and it must be set aside.  Our examination of the transcript has failed to disclose that any objection was raised in this regard by defendant during the course of the trial.  Upon the authority of *Broome* v. *Kern Valley Packing Co.*, 6 Cal.App.2d

256 [44 P.2d 430], this court may well conclude, under such facts and circumstances, that appellant, by failing to interpose timely objections thereby waived any right, if any he had, to compel the compliance by plaintiff with the provisions of subdivision (c) of said section 402. It is not necessary, however, that this issue be determined solely upon technical grounds.

Subdivision (a) of said section provides for the responsibility of the owner for injuries resulting from the negligent use of his car through the permissive operation of the same by another. Subdivision (b) limits the owner's liability to stated sums. By these two provisions it undoubtedly was the main purpose and intent of the Legislature to make the owner directly responsible to a person injured through the negligence of an operator driving the car with the owner's permission. (*Broome* v. *Kern Valley Packing Co., supra.*)

Subsection (c) [the particular portion of said section upon which appellant bases his final contention] requires that the operator of a vehicle whose negligence is imputed to the owner shall be made a party defendant if personal service of process can be made upon him within the state, and upon recovery of judgment, recourse shall first be had against the property of the operator. The fact that the operator need not be made a party defendant in all cases is an additional and strong indication that the liability of the owner is, as stated previously, primary and not dependent upon whether or not the operator is made a defendant. Again, as stated in the Broome case, the provision that upon recovery of judgment, recourse shall first be had against the property of an operator who has been served, "must have been intended for the benefit of the owner and not only can it be waived by him but the same can only apply where a judgment is recovered both against the operator and the owner."

Lastly, subdivision (d) discloses that in the event of a recovery against the owner he shall be subrogated to all rights of the person injured and may recover from the operator the total amount of the judgment and costs. This rule expressly applies to any recovery under this section and is limited in no way. The right of subrogation given by this subsection does not rest upon the existence of a judgment against the operator in the same action but applies in the event a recovery is had against the owner and covers any judgment and costs recovered against the owner.

No case is cited by appellant in support of such contention. His argument is that although the recent case of *Baugh* v. *Rogers*, 24 Cal.2d 200 [148 P.2d 633, 152 A.L.R. 1043], holds that lack of final adjudication of the liability of the operator (*Holland* v. *Kodimer*, 11 Cal.2d 40 [77 P.2d 843] ; *Broome* v. *Kern Valley Packing Co.*, *supra*) or disappearance from the state (*Sutton* v. *Tanger*, 115 Cal.App. 267 [1 P.2d 521]) or death (*Sayles* v. *Peters*, 11 Cal.App.2d 401 [54 P.2d 94]) does not affect the statutory liability of the owner under said section, nevertheless, it does not follow that a plaintiff may disregard the provisions of the statute relating to service of process upon the operator. However, the able discussion of this phase of the question in the Broome case is to the effect that while the liability imposed upon the owner under said section may be secondary as between the owner and operator, it "is a primary and direct liability and not a secondary one in so far as the injured party is concerned." The court then observed that the provisions contained in subsections (c) and (d) [then found in section 1714¼ of the Civil Code] were "calculated to protect the owner from the results of the operator's negligence in so far as this may be done between those parties without interfering with the rights of the injured party." The portions we have quoted from the Broome case were likewise quoted with approval by the Supreme Court in the Baugh and Holland cases.

It also may be said that when the permission to operate the car has been proved, the owner becomes directly liable for the damage suffered in an amount limited by the statute. Such liability is direct and several as well as joint and "is not dependent upon a judgment against the operator. It is not necessary to sue the operator if the respondent plaintiff is satisfied with the limited judgment he may obtain against the owner." (*Milburn* v. *Foster*, 8 Cal.App.2d 478, 480 [47 P.2d 1106], citing *Broome* v. *Kern Valley Packing Co.*, *supra*.)

The judgment is affirmed.

Adams P. J., and Thompson, J., concurred.