[Civ. No. 3748. Fourth Dist. Mar. 22, 1949.]

LEE BARCUS, Appellant, v. JAMES D. CAMPBELL et al., Defendants; CLARK BROS., INC. (a Corporation), Respondent.

L. Kenneth Say and Joseph L. Joy for Appellant.

Maddox & Abercrombie and James K. Abercrombie for Respondent.

GRIFFIN, J.—On September 11, 1945, plaintiff Lee Barcus was driving his Chevrolet "pick-up" north on Highway 99, about one-half mile south of Tulare. Defendant James D. Campbell was driving a Plymouth automobile owned by defendant Clark Brothers, Incorporated, a New York corporation, south on Highway 99 behind a Model A Ford. He suddenly pulled out from behind to pass it and struck plaintiff's car while so doing. As a result of the collision plaintiff's left arm had to be amputated at the shoulder. The question of the negligence of Campbell and the amount of damages is not involved on this appeal. The jury returned a verdict in favor of plaintiff and against defendant Campbell for $16,-300.26, and a limited recovery against defendant Clark Brothers, Incorporated, for $5,000 plus $1,000 property damage. Defendant Campbell did not move for a new trial nor appeal from the judgment, and it has become final as to him. Defendant Clark Brothers, Incorporated, moved for a new

trial on the ground of insufficiency of the evidence to show "permissive use" of the Plymouth car by Campbell. There was no contention made during the trial that Campbell was the employee or agent of defendant corporation. By its answer it denied Campbell had its permission and consent to drive the car.

At the outset, counsel for plaintiff, in all fairness, states that he is not unmindful of the general rule of law that appellate courts will not disturb on appeal an order granting or denying a new trial where there is a conflict in the evidence, citing such cases as *Sweeley* v. *Leake,* 87 Cal.App.2d 636, 640 [197 P.2d 401] ; and *Broadfoot* v. *Leather Supply Co.,* 69 Cal. App.2d 729, 735 [160 P.2d 59], but argues that in the instant case there is no conflict on the question involved; that the evidence on that subject was therefore a question of law because it was undisputed and was amply sufficient to sustain the verdict of the jury as to the defendant corporation, and the trial court abused its discretion in granting a new trial. (Citing *Moss* v. *Stubbs,* 111 Cal.App. 359, 362 [295 P. 572, 296 P. 86] ; and *Harvey* v. *Machtig,* 73 Cal.App. 667, 677 [239 P. 78].)

The head office of respondent Clark Brothers, Incorporated, is in New York. Its executive officer of the Pacific Coast, one Hagemen, is located in Los Angeles. A Mr. Doyle, living near Visalia, was in the employ of respondent company as service superintendent under Hagemen. Defendant Campbell was a stepson of Doyle and lived with his wife and two children at the home of Doyle. He was employed in a near-by cannery. Prior to the trial of this action Doyle died. According to his deposition, taken prior to his death, his duties were to install engines in recycling and compressure plants and he was subject to call into several western states. The respondent company furnished him with a Plymouth car. He also had his own Pontiac car. On August 29, he and his wife left for Pennsylvania in his car due to the death of his father, and he left the Plymouth car, owned by the company, in his private garage at his home and put the key to it in a drawer in the house. Campbell's wife knew where he placed the key. Campbell was working at the time.

As to the use of the Plymouth car while he was away, Doyle testified: "That wasn't left for him to use. It was only in case of emergency. I will tell you how it happened. . . . You see . . . I have two small children which is of the ages of 4 and 6, and Jack Campbell has a baby born in July, and

another little boy 2 years old, so when I left, I told him if they got sick or anything, to use the car, and that was the only way the car could be used." Mr. Doyle did not return to Visalia until September 15, 1946, after the accident happened.

Hagemen testified that no one on the west coast was vested with any executive power for the company except himself; that Doyle had been employed by the company, for about 20 years, and came to Los Angeles in 1944; that he supervised installation of compressors on the Pacific Coast and educated crews who were to run them; that the company Plymouth was turned over to him for that purpose and that he said to him: "Of course, Art, it is hardly necessary to tell you, an old employee like you, that the company rule is that the car is to be used for company business only and not to be driven by any non-employee"; that "He responded to the effect that he realized it." He then testified that Doyle was authorized to go to the various west coast states from time to time on company business in the Plymouth; that forms were furnished to him as a service report showing his daily mileage, starting point and destination; that another form for a weekly report was required whereon Doyle was instructed to enter the speedometer reading for the week and that he used such report and they were then sent to Hagemen who checked them. Specimens of these particular forms of report were received in evidence. He then related that to his knowledge Doyle had never used the Plymouth for any other purpose than business for the company; that he never told Doyle that he could let anyone else use the car for any particular purpose; that he had never seen defendant Campbell before and that he did not operate the car with his consent or knowledge; that the gasoline for the car was paid for by the company, according to the report sheet submitted by Doyle.

Regarding the "permissive use" defendant Campbell testified that he obtained the key from the drawer and took the Plymouth from the garage at 5 p. m.; that his stepfather Doyle had told him where the key was left and told him, in the presence of his wife, that in "case of an extreme emergency" he could use the Plymouth (Campbell's son had had rheumatic fever and was under the care of a doctor); that he took the car and went to refill two prescriptions because "the medicine was getting low"; that he was "going up town" (to Visalia) and met a girl (now his wife) and they "had some things to

talk about" and that she got into the car. They evidently proceeded on through Visalia and past the drug store where the prescription had been previously filled, to Tulare (about 10 miles from Visalia) and were proceeding southerly on Highway 99, at which point he "was going out to find a place to turn around and get the medicine back home" when the accident occurred; that he knew from the time he left Visalia that he was not acting as to any emergency in connection with any illness of his family. He testified that he had taken his former wife and son to the doctor on a previous occasion while his parents were in Pennsylvania; and that he had picked the car up once at the garage and brought it home at his mother's request at a time when Mr. Doyle was not there.

On these facts the trial court, by its order granting a new trial, held that the evidence was insufficient to support the verdict against the company as owner of the Plymouth car.

As we view the question, it is not whether, as a matter of law, the respondent company would have been entitled to a nonsuit or to a reversal on appeal if the appeal had been from the judgment against them rather than from the order granting a new trial, but whether, upon the facts stated, the trial judge, sitting as a "thirteenth juror" had the discretionary right to conclude that the evidence was insufficient to award a verdict against respondent company based upon the claimed permissive use of its automobile by Campbell.

The trial court had the right to believe from the evidence, notwithstanding the verdict of the jury, that Campbell was not authorized by Hagemen, as executive officer of the company, to use the Plymouth under any circumstances or, if authorized by Doyle to use it, he was only authorized to use it for the purpose limited to an "emergency," and that Campbell was not so using it at the time and place of the accident.

■ The statute upon which plaintiff predicates his claim that this respondent is liable for damages caused by the defendant Campbell while operating respondent's automobile, is section 402(a) of the California Vehicle Code, reading:

"Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same *with the permission, express or implied, of such owner,* and the negligence of such person shall be

imputed to the owner for all purposes of civil damages.''
(Italics ours.)

Whether or not permission to drive the car had been given
by the owner, under the facts related, was a question of fact
and the burden of proof was upon the plaintiff seeking to
establish permissive use. Permission, under that section, can-
not be left to speculation or conjecture nor be assumed, but
must be affirmatively proved. (*Engstrom* v. *Auburn Auto
Sales Corp.*, 11 Cal.2d 64, 68 [77 P.2d 1059]; *Krum* v. *Malloy*,
22 Cal.2d 132 [137 P.2d 18]; *Casey* v. *Fortune*, 78 Cal.App.2d
922 [179 P.2d 99]; *Helmuth* v. *Frame*, 46 Cal.App.2d 381
[115 P.2d 852]; *Henrietta* v. *Evans*, 10 Cal.2d 526 [75 P.2d
1051].) In the latter case it was held (quoting from sylla-
bus [2]):

''Where permission is granted to operate a car for a limited
time or purpose, or in a particular locality, a substantial vio-
lation of such limitation terminates the original express con-
sent and makes any subsequent use without permission, absolv-
ing the owner from liability; and where a car was entrusted
to the driver for the purpose of driving to town to complete
the sale of the car, and there was no evidence of authority to
use the car for any other purpose, the only evidence being
to the effect that any other use was expressly prohibited, the
driver, by driving to another city, terminated the original
express consent, and the owners were absolved from liability
for an accident in such other city.''

Counsel for appellant argues, with some force, that the
purpose of enacting section 402 of the Vehicle Code was to
protect innocent third persons from the careless use of auto-
mobiles and to make this protection paramount to the rights of
an owner who permits the use of his car by others, citing
*Souza* v. *Corti*, 22 Cal.2d 454 [139 P.2d 645, 147 A.L.R. 861];
*Burgess* v. *Cahill*, 26 Cal.2d 320 [158 P.2d 393, 159 A.L.R.
1304]; *Stapleton* v. *Hertz Drivurself Stations*, 129 Misc. 772
[222 N.Y.S. 579]; *Bayless* v. *Mull*, 50 Cal.App.2d 66 [122
P.2d 608]; *Blank* v. *Coffin*, 20 Cal.2d 457, 462 [126 P.2d 868];
*Davidson* v. *Ealey*, 69 Cal.App.2d 254 [158 P.2d 1000]; and
that from the ownership of the automobile a presumption
arises that it was being used for the owner's purposes, citing
*Cope* v. *Goble*, 39 Cal.App.2d 448 [103 P.2d 598], where it
was held that where the owner was present in the car such
a presumption might arise. In *Reed* v. *Cortez*, 88 Cal.App.2d
416 [198 P.2d 911], the court held that if the evidence shows

that an automobile was being driven by an employee of the owner, at the time, the jury may *infer* that the employee was operating it with the permission of the owner. Such is not the case here. *Stapleton* v. *Hertz Drivurself Stations, supra,* relied upon by appellant, was reversed. (See *Stapleton* v. *Hertz Drivurself Stations,* 131 Misc. 52 [225 N.Y.S. 661].)

As pointed out, we are not here dealing with the question of weighing presumptions or inferences against the testimony of the witnesses in order to support the judgment, or whether a judgment against the company, under the evidence, could have been supported. ■ The rule is that where a motion for a new trial has been granted on the grounds of insufficiency of the evidence to sustain the verdict, this court will not disturb the order if there is any evidence which, if believed, would have sustained a verdict for respondent, even if there were other, and conflicting, evidence. All presumptions in favor of the validity of the order must be indulged. ■ The trial court is not only authorized, but it is its duty, to grant a new trial whenever in its opinion the evidence upon which the former decision rests is insufficient to justify the decision, and its action in granting a new trial on this ground is discretionary to the extent that if any appreciable conflict exists in the evidence the court's action may not be disturbed on appeal. (*Clippinger* v. *Reiss,* 17 Cal.App.2d 604 [62 P.2d 418].) As said in *Green* v. *Soule,* 145 Cal. 96 [78 P. 337], at page 103:

''The parties are entitled to the judgment of the jury in rendering a verdict, in the first instance; but upon a motion for a new trial they are equally entitled to the independent judgment of the judge as to whether such verdict is supported by the evidence.''

■ There is evidence that would justify the belief, by the trial judge, that plaintiff had not met the burden of proof in establishing permissive use of the Plymouth by Campbell at the time and place of the accident involved. (*Engstrom* v. *Auburn Auto Sales, Corp., supra; Helmuth* v. *Frame, supra; Di Rebaylio* v. *Herndon,* 6 Cal.App.2d 567 [44 P.2d 581].)

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 19, 1949. Gibson, C. J., Shenk, J., and Carter, J., voted for a hearing.