[Civ. No. 3733. Second Appellate District, Division One.—October 27, 1921.]

## THOMAS L. JONES, Respondent, v. ALVIN E. KEY et al., Appellants.

[1] NEGLIGENCE—COLLISION BETWEEN PEDESTRIAN AND AUTOMOBILE—USE OF WRONG SIDE OF STREET—CONTRIBUTORY NEGLIGENCE—EVIDENCE.—In this action for damages for personal injuries resulting from being struck by an automobile while crossing a city street, plaintiff was not guilty of negligence in failing to maintain a

1. Pedestrian's rights and duties with reference to vehicles on highway, notes, 4 Ann. Cas. 398; Ann. Cas. 1914A, 249.

proper lookout or to exercise ordinary care where, before leaving the curb of the sidewalk, he saw the automobile of the defendants approaching and saw it turn in behind a line of automobiles which were moving slowly toward him on the south or right side of the street and, seeing that he was safe with respect to that line of automobiles, he approached the center of the street and turned his attention toward the east, that being the direction from which danger might be apprehended on the north side of the street, at which instant the driver of defendants' automobile, in order to beat the cars in front of him to the crossing, swung out around these cars and on to the wrong side of the street and ran into plaintiff.

[2]. Id.—Probable Permanence of Injury—Mental Suffering—Evidence.—In such action the court did not err in receiving the testimony of plaintiff stating his belief concerning the probable permanency of his injuries, where the court limited such testimony to the single purpose of showing the mental suffering which resulted to him from the injuries received.

[3] Id.—Mental Suffering—Damages—Evidence. — Notwithstanding the complaint in such action did not directly mention mental suffering, it having alleged that the plaintiff suffered serious and lasting injury to his nervous system, mental suffering was a proper element of damages.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellants.

Newlin & Ashburn for Respondent.

CONREY, P. J.—Pursuant to the verdict of a jury, the plaintiff has recovered damages in the sum of five thousand dollars for personal injuries resulting from a collision between the plaintiff and an automobile owned by the defendant Key, and driven by the defendant Satterfield. The defendants appeal from the judgment. The points relied upon by appellants are: First, that the respondent, as shown by all of the testimony, was guilty of negligence in

2. Right to recover for future pain and suffering in personal injury case, note, 9 Ann. Cas. 1051.

3. Mental anguish as element of damages, notes, 7 Am. St. Rep. 534; 30 Am. St. Rep. 711.

failing to maintain a proper lookout or to exercise ordinary care while he was crossing the street where the accident occurred, and that this negligence contributed directly and proximately to his injury. Second, that the court erred in admitting in evidence testimony of the respondent to the effect that he did not believe that he would ever recover the full use of his arm and hand. In overruling the objection to this testimony, the court limited the testimony to the single purpose of showing the mental suffering which resulted to him from the injuries received.

[1] Respondent was hit by the automobile while he was passing from the south side to the north side of Third Street, in the city of Los Angeles, at a point between Spring Street and Broadway. The automobile was moving in an easterly direction, a part, if not all, of the automobile being on the north side of the street, which was the wrong side of the street for an automobile traveling in an easterly direction. Respondent was north of the center of the street when the collision occurred. Before leaving the curb of the sidewalk, respondent saw the automobile of the defendants, and saw that it turned in behind a line of automobiles which were moving slowly toward him on the south side of the street. Seeing that he was safe with respect to that line of automobiles, he approached the center of the street and turned his attention toward the east, that being the direction from which danger might be apprehended on the north side of the street. At that instant the driver, Satterfield, left the line in which he was moving and drove rapidly toward Spring Street. According to his own statement, "When I swung out around these cars in front of me, my idea was to get in front of them and beat them to the Spring Street crossing." It is not necessary to state further particulars of the evidence. The facts are very similar to those existing in the case of *Lewis* v. *Tanner et al.*, 49 Cal. App. 271 [193 Pac. 287], recently decided in this court. For like reasons as those given in that decision, we are satisfied that the jury in this case was well warranted in finding that the plaintiff was not chargeable with negligence.

[2] The court did not err in receiving the testimony of respondent, stating his belief concerning the probable permanency of his injuries. The question is analogous to that

which was under consideration in *Boa* v. *San Francisco-Oakland Terminal Rys.*, 182 Cal. 93 [187 Pac. 2]. In that case appellant claimed that the court erred in receiving in evidence statements to the plaintiff by certain physicians as to the possibility of the permanency of the plaintiff's injuries. The court said: "Unquestionably the physical and mental condition of plaintiff resulting from the accident was material, and mental suffering occasioned by any reasonable apprehension of future disability or deformity resulting naturally and proximately from her injury was a proper element to be considered by the jury in assessing the damages. (Sedgwick on Damages, 9th ed., sec. 44, and cases cited.) The disability apprehended was one arising from the blow occasioned by defendant's car and cannot be considered in any sense remote. It follows that plaintiff had a right to testify as to her belief at the time of the trial that she would be a permanent invalid."

[3] Appellants contend that mental suffering was not a proper element of damages in the issues as framed, for the reason that the damages as alleged in the complaint were confined to physical injuries and loss of earnings. It is true that the complaint does not directly mention mental suffering, although it does allege that the plaintiff suffered serious and lasting injury to his nervous system. But the same criticism might have been made upon the complaint in *Boa* v. *San Francisco etc. Rys.*, *supra*. The complaint there did not directly mention mental suffering, but only alleged that the plaintiff's nervous system was shattered and unstrung, and that she suffered, and would continue to suffer, pain and anguish. Nevertheless, the court decided the matter as hereinabove stated.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.*, was acting.