[Civ. No. 6964. First Appellate District, Division Two.—September 5, 1929.]

VIVIA D. JOHNSON, Respondent, v. GEORGE C. PEARSON, Appellant.

504

J. Hampton Hoge for Appellant.

Ford, Johnson & Bourquin for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an action for damages for personal injuries. The case was tried before a jury which returned a verdict for plaintiff in the sum of

$4,000. From the judgment entered upon this verdict the defendant, George C. Pearson, prosecutes this appeal.

An automobile driven by plaintiff collided with an automobile driven by defendant at the intersection of Peralta Avenue and School Street in the city of Oakland. As a result of the collision, plaintiff was thrown through the glass window of her automobile and sustained the following injuries: Her face was lacerated and contused. Her right shoulder was dislocated. Her left knee was lacerated and contused. The lumbar region of the spine was bruised, contused and so sprained as to cause an impingement of the nerves in the locale spine. She also received a severe nervous shock and minor injuries.

Each party charged the other with negligence, the principal act of negligence charged to the appellant being the excessive rate of speed that he was traveling at the time of the collision. Appellant concedes that the evidence is conflicting and there is some evidence to support the verdict. For this reason no attack is made upon the judgment on that ground.

Appellant first contends that the amount of the verdict is grossly excessive and was based upon passion and prejudice.

A motion for a new trial was made upon several grounds, among them being "Excessive damages appearing to have been given under the influence of passion or prejudice." (Code Civ. Proc., sec. 657, subd. 5.) The motion for a new trial was denied.

The rule is well established that the amount of damages in this kind of an action is committed first to the sound discretion of the jury, and next to the discretion of the judge of the trial court, who, in ruling upon the motion for a new trial, may consider the evidence anew, determine anew the facts, and set aside the verdict if it is not just.

Upon appeal the decision of the trial court and the jury on the subject cannot be set aside unless the verdict is "so plainly and outrageously excessive as to suggest, at first blush, passion or prejudice or corruption on the part of the jury." (*Reneau* v. *Hirsch*, 88 Cal. App. 1 [262 Pac. 1100, 1102], and cases cited.)

The evidence on the character and extent of plaintiff's injuries is decidedly conflicting, still there is ample

evidence in the record which the jury and trial judge undoubtedly accepted as true that the plaintiff received severe and painful injuries, and as a result of such injuries she has become extremely nervous and at times hysterical.

Appellant, in contending that the award of damages is excessive, lays great stress upon the fact that two physicians who had examined respondent at his request testified that respondent was not permanently injured and that her only trouble was a nervous ailment known as hysteria. In other words, appellant seems to contend that because the respondent did not receive any broken bones in the collision, but only received cuts and bruises and a nervous shock, she could not have received any serious injury.

This testimony did nothing more than raise a conflict in the evidence, which conflict was undoubtedly resolved in favor of the respondent, and the rule is well settled that, in considering an attack upon a verdict as being excessive, we must treat every conflict in the evidence as resolved in favor of the respondent, and must give to her the benefit of every inference that can reasonably be drawn in support of her claim. (*Kimic* v. *San Jose-Los Gatos etc. Ry. Co.*, 156 Cal. 273 [104 Pac. 312]; *Riffel* v. *Letts*, 31 Cal. App. 428 [160 Pac. 845]; *Reneau* v. *Hirsch, supra.*)

Furthermore, nervousness, when the reasonable outcome of physical injuries, is always an element of damage, and obviously evidence relating thereto may properly be submitted to the jury. (*Kuhns* v. *Marshall*, 44 Cal. App. 588, 591 [186 Pac. 632]; *Easton* v. *United Trade School Con. Co.*, 173 Cal. 199, 203 [L. R. A. 1917A, 394, 159 Pac. 597, 600]; *Latky* v. *Wolfe*, 85 Cal. App. 332, 343 [259 Pac. 470]; *Sloane* v. *Southern Calif. Ry. Co.*, 111 Cal. 668 [32 L. R. A. 193, 44 Pac. 320]; *Thomas* v. *Gates*, 126 Cal. 1 [58 Pac. 315]; *Freiburg* v. *Israel*, 45 Cal. App. 138, 142 [187 Pac. 130]; *Jones* v. *Key*, 54 Cal. App. 677 [202 Pac. 478].)

In *Easton* v. *United Trade School Con. Co., supra,* the court said: "While touching the nature of the injuries in the case at bar it may be added that it is very properly declared in *Warren* v. *Boston Ry. Co.*, 163 Mass. 484 [40 N. E. 895], that 'it is a physical injury to a person to be thrown out of a wagon or to be compelled to jump out, even though the harm done consists mainly of nervous shock.' "

It is also a fact, well within human experience, that suffering from the disruption of the nervous system of the human body may be, and often is, more intense and severe than most any other form of suffering.

We have carefully examined the entire record, including the evidence, and there is nothing in the record to show or suggest that the verdict was not the result of the fair and honest judgment of the jury. The award of damages made by the jury and sustained by the trial court is not large. We think, when the extent and character of the injuries received by respondent are all considered, the award is not at all disproportionate to the compensation reasonably warranted by the facts.

Appellant next contends that "The court erred in instructing the jury as to the maximum amount the plaintiff was entitled to recover. The trial court erroneously failed in such instruction to segregate the items of special damage from the item of general damage." There is no merit in either of these contentions. The complaint was originally in three counts: The first for general damages on account of physical injuries in the sum of $15,000; the second for special damages in the sum of $1,500 for the loss of earnings of the plaintiff as a real estate saleslady for the three months intervening between the happening of the accident and the filing of the complaint, and the third for $350 for property damage to plaintiff's automobile. The third count was dismissed by the plaintiff on the first day of the trial. The plaintiff, by permission of the court, filed an amendment during the course of the trial, praying for the sum of $406 for nurses, physician and X-ray bills.

The instruction complained of was given at request of respondent and clearly and correctly stated the law and if appellant desired an instruction separating the general damages from the special damages, it was incumbent upon his counsel to have presented such an instruction and requested the court to give it. Having failed to do either, appellant is in no position to complain of the instruction given. (*Wirthman* v. *Isenstein,* 182 Cal. 108, 111 [187 Pac. 12]; *Weaver* v. *Carter,* 28 Cal. App. 241, 248 [152 Pac. 323]; *O'Connor* v. *United Railroads of S. F.,* 168 Cal. 43, 48 [141 Pac. 809]; *Townsend* v. *Butterfield,* 168 Cal. 564 [143 Pac. 760]; *Putnam* v. *Pickwick Stages System, etc.,* 98 Cal. App.

268 [276 Pac. 1055]; *Hardy* v. *Schirmer*, 169 Cal. 272 [124 Pac. 993].)

█ Furthermore, if there is no evidence to support a judgment for special damages, as appellant contends, there is, however, ample evidence in the record to support a judgment for $4,000 for general damages and, in the absence of any showing to the contrary, we must presume that the sum awarded respondent of $4,000 is for injuries received and the pain and suffering endured and nothing for special damages.

█ Lastly, it is contended that the court erred in instructing the jury as to future damages, because there was no evidence that respondent's injuries were permanent. This contention is likewise without merit. There is abundant evidence in the record from which the jury might well have concluded that respondent's nervous condition would be permanent.

█ If, however, we concede that there was no evidence whatever that respondent's injuries were of a permanent nature, still the giving of the said instruction under such circumstances would not warrant a reversal of the judgment, because appellant has wholly failed to show that he has sustained any injury by the giving of such instruction. (*Hardy* v. *Schirmer, supra.*)

We think the instructions, when taken as a whole, clearly and correctly state the law applicable to all phases of the case.

It follows from what has been said that the judgment should be affirmed and it is so ordered.

Koford, P. J., and Nourse, J., concurred.