[Civ. No. 7349. First Appellate District, Division One.—November 25, 1930.]

JOSEPH LEVY, Respondent, v. SAUL BERNER et al., Executors, etc., Appellants.

ALBERT LEVY, Respondent, v. SAUL BERNER et al., Executors, etc., Appellants.

J. Hampton Hoge for Appellants.

Franklyn M. O'Brien and Horace A. Dibert for Respondents.

THE COURT.—The above actions were brought to recover damages for personal injuries growing out of the same automobile accident. The causes were tried together and are presented here upon the same transcript and briefs.

The accident occurred on March 27, 1929, at 9:55 o'clock A. M. The plaintiffs, who were riding in a Chevrolet automobile, were proceeding northerly along Nineteenth Avenue between Judah and Kirkham Streets in San Francisco, and the defendant was operating a Buick automobile in the opposite direction along the same street. Plaintiff Albert Levy owned and was driving the Chevrolet car, and plaintiff Joseph Levy was a passenger therein. There was a collision between the two automobiles, as the result of which each plaintiff suffered physical injuries and the Chevrolet automobile was damaged.

The complaint in each action averred negligence on the part of the defendant, which he denied; and contributory negligence was pleaded as a defense in both cases. Verdicts were returned as follows: For Joseph Levy, $1,000, and for Albert Levy, $3,000. New trials were denied, and defendant has appealed from each judgment.

Since the appeals were taken defendant has died, and his executors have been substituted as the appellants herein.

As grounds for the appeals it is claimed that the court

erred in its instructions to the jury and in admitting certain facts in evidence, that the conduct of the court in the examination of a certain witness was prejudicially erroneous, and that the damages awarded were excessive and the result of passion or prejudice.

According to the plaintiffs the course of their automobile was north along Nineteenth Avenue, east of the center line of the avenue and about four feet from the easterly curb. They testified that the defendant swerved from his course, which was south along the same avenue, and a collision occurred. The defendant testified that he turned to his left in an attempt to overtake and pass a car traveling ahead of him but that the collision occurred west of the center line of the avenue. Other testimony, however, tended to show that defendant's car immediately before the collision was moving in a southeasterly direction on the east side of the avenue, and that the collision occurred at a point five or six feet from the easterly curb. While testimony tending to impeach plaintiffs' version of the affair was produced, the weight to be given thereto was a question for the jury, and we are satisfied that they were justified in concluding from all the evidence that the accident happened as described by the plaintiffs and was due to the fact that the defendant was driving on the wrong side of the avenue.

The jury was instructed in substance that at the time of the accident the law required vehicles to be driven on the right-hand of the highway except when overtaking and passing other vehicles, in which case they might be driven on the left side if the same was clear and unobstructed for at least one hundred yards ahead. Defendant claims that there was no evidence that the highway on his left was not clear and unobstructed for one hundred yards ahead, and that the instruction was therefore improper. It appears, however, from defendant's testimony that when he attempted to pass the car in front plaintiffs were about two hundred, feet away. This was sufficient to warrant the giving of the instruction.

Nor did the instruction inform the jury, as claimed, that the occurrence of the accident at defendant's left-hand side of the street was conclusive evidence of negligence on his part. The instruction was a correct statement of the law in the abstract which, in view of the evidence, was proper.

■ The jury was further instructed as follows: "If you find from the evidence that defendant was attempting to pass an automobile at the time when there was another automobile approaching in the opposite direction within three hundred feet of the defendant I instruct you that this constitutes a violation of section 122 of the Motor Vehicle Act, and is therefore negligence." While, as claimed by the defendant, a violation of the statute, if such violation was the proximate cause of the damage alleged, would constitute negligence (19 Cal. Jur., Negligence, sec. 67, p. 636), and this element should properly be included in such an instruction, nevertheless the jury was also instructed that "the violation of a statute or ordinance constitutes negligence as a matter of law. Unless, however, such negligence is the proximate cause of injury to another it becomes immaterial. There must appear to be a causal connection between the violation of the law and the injury before the defendant can be held to have violated it." This, with other instructions, wherein the court carefully defined negligence and proximate cause, was sufficient to correct any error in the instruction complained of.

■ Testimony of a physician called by defendant and who had examined plaintiffs after the accident, tended to show their injuries were less serious than they claimed. On cross-examination the witness was asked who employed him to make the examinations, and he replied that he was requested to act by a person associated with a certain insurance company. The question was objected to by defendant, and the jury was instructed by the court to disregard the answer. The question was, we think, proper cross-examination, as the jury had the right to consider the witness' interest in the case as tending to impeach his credibility (27 Cal. Jur., Witnesses, sec. 96, p. 122).

■ The defendant also testified that after the accident he stated to plaintiff Albert Levy that he was insured by a certain company, and directed plaintiffs to explain the occurrence to them.

Plaintiff Albert Levy, in response to the question whether he consulted a physician after the accident, said: "I went to the—to Mr. Rothenberg's insurance company and asked them whether it was their duty to send a doctor out to attend

to patients that were injured in an accident.'' The court, on motion, struck out this answer.

Defendant complains that both answers were prejudicial to him as they improperly called the jury's attention to the fact that he was insured. In view of defendant's testimony the last answer, if improper, cannot reasonably be said to have been prejudicial; and, as stated, the first question and answer were competent on cross-examination.

A police officer who made an investigation of the accident testified that the plaintiff Albert Levy made him a present of cigars and also offered to make it worth his while if he would change his report. In this connection the trial court asked certain questions of the officer, and defendant claims that these questions showed partiality on the court's part. We have carefully reviewed them, and fail to understand how they could have been injurious to the defendant. On the contrary, it appears to us that plaintiff rather than the defendant had grounds for complaint. It is certain that the latter suffered no prejudice therefrom.

The testimony shows that the plaintiff Albert Levy received a sprain of the joint between the lower lumbar vertebra and the top of the pelvis. There were also sprains of the joints of the femor with the pelvis on each side, and his chest was contused. He continued to receive treatment from a physician up to the time of the trial. He also suffered pain from the injuries, which he testified had continued; and a physician who examined him shortly before the trial was unable to state whether his injuries, particularly that to the junction of the lower lumbar and sacrum, would be permanent. It was also testified that injuries of this character are frequently chronic. This plaintiff had also incurred an indebtedness for medical services amounting to about $150, and in addition lost considerable time from his business as a dealer in motion picture films.

Plaintiff Joseph Levy, according to a physician, suffered contusions and lacerations of both legs, and the ligaments of his knee joints were strained. He was confined to his bed for some days, and incurred an expense for medical treatment and X-ray examinations amounting to $125. In addition he suffered considerable pain, and lost seven weeks from his business as a salesman from which he had previously derived an income of about $50 a week.

The amount of damages in actions of this character is committed first to the sound discretion of the jury and then the trial court, which, in ruling upon a motion for a new trial, may consider the evidence and set aside the verdict if unjust. Upon appeal the judgment cannot be set aside unless the amount of the verdict is so plainly excessive as to suggest at first blush passion or prejudice on the part of the jury. (*Reneau* v. *Hirsch,* 88 Cal. App. 1 [262 Pac. 1100]; *Johnson* v. *Pearson,* 100 Cal. App. 503 [280 Pac. 394].) In view of the evidence, we cannot say that the verdicts are excessive, and no error is shown which would warrant the conclusion that the same resulted in a miscarriage of justice.

The judgments are accordingly affirmed.