[Civ. No. 11107.   Second Appellate District, Division Two.—October 14, 1936.]

CLYDE V. COLLARD, Jr., a Minor, etc., et al., Respondents, v. MASON LOVE et al., Defendants; RUSSELL B. COFFMAN, Appellant.

Milo W. Horn for Appellant.

Clock, McWhinney & Clock and Henry W. Clock for Respondents.

WOOD, J.—Plaintiff Clyde V. Collard, Jr., was struck and injured on July, 1, 1935, by an automobile negligently operated by defendant Love. At the time of the accident California Funding Corporation was the legal owner of the car and defendant Coffman, as transferee from defendant Love, was the registered owner according to the records of the division of motor vehicles (as it was then known). Coffman endorsed his name on the ownership certificate as registered owner, allowed it to be forwarded to Sacramento and thereafter consented to the operation of the car by Love. The trial court, sitting without a jury, gave judgment to plaintiff against both Coffman and Love in the sum of $4,000. Defendant Coffman appeals.

It is the contention of appellant that the evidence is insufficient to support the finding that he was the owner of the car and that the trial court erred in declining to permit him to prove that Love did not sell or transfer the car to him and that he "had an agreement with Love to make payments upon the automobile". The basis of respondent's claim for damages is section 1714¼ of the Civil Code as it was in force on the date of the accident. That section provided that "every owner" of a motor vehicle should be liable for negligence in the operation of the vehicle by a person using it with the permission of the owner. The section did not distinguish between the registered owner and the legal owner but merely used the expression "every owner". The use of the word "owner" has, however, been made definite in the case of *Bunch* v. *Kin,* 2 Cal. App. (2d) 81 [37 Pac. (2d) 744], where it is held that the word "owner" as used in this section refers to the "registered owner". The evidence of ownership was sufficient to bring appellant within the provisions of section 1714¼ of the Civil Code. Appellant did not offer proof attacking the registration in his name. The ruling of the court on the admission of evidence was proper. (*Bunch* v. *Kin, supra; Schmidt* v. *C. I. T. Corporation,* 14 Cal. App. (2d) 92 [57 Pac. (2d) 1016].) Appellant refers to

section 45 (e) of the California Vehicle Act wherein it is provided that until the division of motor vehicles shall have issued a new certificate of registration, delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose. No evidence was offered to establish the issuance of a new certificate of registration and appellant argues that on this account he cannot be held liable. It was appellant's duty to procure the new certificate and "securely fasten the same in plain sight within the driver's compartment". He cannot now take advantage of his own failure to comply with the provisions of the Vehicle Act. (*Schmidt* v. *C. I. T. Corporation, supra; San Joaquin Valley Securities Co.* v. *Prather,* 123 Cal. App. 378 [11 Pac. (2d) 45].) Moreover, in the absence of evidence to the contrary it is to be presumed that official duty has been regularly performed (Code Civ. Proc., sec. 1963, subd. 15) and that the new certificate was issued.

Appellant makes the further contention that the damages are excessive. Among the injuries suffered by respondent was a deep laceration of the forehead which left a permanent scar approximately two and one-half inches in length. In view of the evidence disclosed by the record we cannot hold that the amount of the judgment is excessive. (*Kelley* v. *Hodge Transp. System,* 197 Cal. 598 [242 Pac. 76]; *Murphy* v. *Ludowici Gas Co.,* 96 Kan. 321 [150 Pac. 581]; *Levy* v. *Berner,* 110 Cal. App. 65 [293 Pac. 896].)

The judgment is affirmed.

McComb, J., *pro tem.,* and Crail, P. J., concurred.