[Civ. No. 12196. Second Appellate District, Division Two.—October 18, 1939.]

GEORGE R. KING, Plaintiff and Respondent, v. MILTON R. UNGER et al., Defendants and Appellants.

[Civ. No. 12231. Second Appellate District, Division Two.—October 18, 1939.]

GEORGE R. KING, Plaintiff and Appellant, v. MILTON R. UNGER et al., Defendants and Respondents.

Paul Blackwood and Samuel P. Young for Plaintiff and Appellant.

Charles H. Goebel, Parker & Stanbury and Vernon W. Hunt for Defendants and Appellants.

WOOD, J.—Plaintiff commenced this action to recover damages for personal injuries suffered by him when he was struck by an automobile while walking across the intersection at Ninth Street and Broadway in the city of Los Angeles on February 27, 1937. At a trial with a jury he obtained judgments against appellant Unger as driver and against appellant Herbert E. Woodward, Inc., as owner of the automobile. Both defendants have appealed from the judgments and plain-

tiff has appealed from the judgment and from the order denying his motion to enter judgment against Unger in the sum of $6,677.16 and against the Woodward company in the sum of $5,000. All of the appeals have been consolidated.

■ Taking up the appeals of the two defendants we find that their main contention is that plaintiff was guilty of contributory negligence as a matter of law. In presenting this point they review the evidence at considerable length in their opening brief but they fail entirely to mention the fact that this is the second appeal in the case and that this court has heretofore passed upon the issue presented. In the reply brief of plaintiff it is shown that on the former appeal (*King* v. *Unger*, 25 Cal. App. (2d) 632 [78 Pac. (2d) 255]) the issue of alleged contributory negligence of plaintiff was before the court and was passed upon adversely to the contention of defendants. We then held that the issue whether plaintiff ''acted as a reasonably prudent person was a question of fact for the jury''. A petition for hearing after the decision of this court was denied by the Supreme Court on June 2, 1938. The evidence in the second trial was substantially the same as the evidence in the first trial. There is no merit in defendants' contention.

■ Appellant Herbert E. Woodward, Inc., contends that the evidence was insufficient to show its liability as owner of the car driven by defendant Unger. It is conceded that the Woodward company purchased the car from one Alison before the accident and was in fact the owner of the car at the time of the accident. Plaintiff introduced in evidence as an exhibit a photostatic copy of the records of the department of motor vehicles showing Alison as the first registered and legal owner, that Alison had endorsed the registration card to Herbert E. Woodward, Inc., as first transferee and that thereafter the Woodward company had transferred ownership to one Mounce. The certificate showed that it was filed with the department of motor vehicles on September 1, 1937, more than six months after the date of the accident. The Woodward company made a dealer's report under date of August 30, 1937, showing that it had sold the automobile to Mounce on that date. No showing was made that the Woodward company was operating the automobile at the time of the accident under special plates for the purpose of testing or demon-

strating it. On the other hand it was conceded that the Woodward company had loaned the car to defendant Unger.

The Woodward company did not file with the department of motor vehicles the certificate of ownership and registration card in accordance with the provisions of section 179 of the Vehicle Code but retained the car as actual owner, permitted its use by defendant Unger and delayed filing of the certificate and card until the sale of the vehicle six months later. The issue involved was directly passed upon adversely to the contention of defendants in the cases of *Schmidt* v. *C. I. T. Corp.*, 14 Cal. App. (2d) 92 [57 Pac. (2d) 1016], and *Collard* v. *Love*, 17 Cal. App. (2d) 72 [61 Pac. (2d) 458], wherein it was held that owners of automobiles, by failure to comply with the requirements of the law as to registration cannot take advantage of their own wrong and thereby escape liability under section 402 of the Vehicle Code.

■ Turning to the appeal by plaintiff we find another of the instances in which juries have been unable to comprehend provisions of section 402 of the Vehicle Code in the matter of the limitation of the liability of the owner of an automobile to the sum of $5,000. After deliberation the jury returned to the court room with the following verdict: "We, the jury, in the above-entitled action, find for the plaintiff and against defendants Milton R. Unger and Herbert E. Woodward, Incorporated, a corporation, and fix damages in the sum of $6,677.16. This 7th day of December, 1938. Stanley M. Sundin, foreman." The jury also returned a verdict in favor of defendant Mills Transfer Company. The clerk's transcript shows that the following proceedings then took place: "The Court: Do you want to poll the jury, Mr. Parker? Mr. Parker (acting for Woodward company): If Your Honor please, the verdict being in excess of $5,000.00 against Woodward & Company, I think that the court should instruct the jury that no verdict can be rendered under the instructions in excess of $5,000.00 as against Woodward & Company and that that verdict should be corrected in that respect. Mr. Young: No objection to the court making that correction. I might state, Your Honor, that that is the amount of liability of the Woodward Company, that is the amount that they would have to pay regardless of what amount they fix. The Court: I think it should be fixed in their verdict, however. I will return the verdict to the jury in the

court room here. I will ask all present to step out into the hallway except the bailiff, who will remain outside of the door and we will allow the jury, rather than send them down to the jury room again, to fix up their verdict here. (Everyone leaves the court room, excepting the jury.)——4:45 P. M. The Court: Do you stipulate that the jury are present? Mr. Young: So stipulated. Mr. Parker:—Yes, Your Honor.— The Court: Mr. Sundin, will you give the bailiff the verdicts? (The verdicts are handed to the bailiff, who, in turn, hands them to the court.)—The Court: Mr. Clerk, will you announce the verdicts? The Clerk:—In the Superior Court of the State of California, in and for the County of Los Angeles. George R. King, plaintiff, against Milton R. Unger, and others, defendants. We, the jury, in the above-entitled action, find for the plaintiff and against defendant Milton R. Unger and assess damages in the sum of $5,341.71. This 7th day of December, 1938. Stanley M. Sundin, foreman.—In the Superior Court of the State of California, in and for the County of Los Angeles. George R. King, plaintiff, against Milton R. Unger, and others, defendants. We, the jury, in the above-entitled action, find for the plaintiff and against defendant Herbert E. Woodward, Incorporated, a corporation, and fix damages in the sum of $1,335.45. This 7th day of December, 1938. Stanley M. Sundin, foreman. And then the third one, finding in favor of the defendant Mills Transfer Company, Incorporated, a corporation.—Mr. Young:—If Your Honor please, I make a motion and object to that verdict being received on the ground it is against the law and that the jury should be instructed, in view of their first verdict—that they turn in a verdict against the defendant Unger in the total sum of $6,677.16—that they turn in a separate verdict in the sum of $5,000.00 as to defendant Woodward. It means that the total that will be paid will be only $6,677.16. We submit that that is the correct way that any change from the original verdict should be made. Mr. Parker:—I submit, Your Honor, that the court instructed the jury that they could not render any judgment in excess of $5,000.00 against the Woodward Company and that the verdict is not in excess of said sum. Mr. Young:—On the other hand, we contend that the jury should have been instructed that they should and must bring in a verdict for the actual sum of $5,000.00 and not less. The Court:—I think

that is within the discretion of the jury. The motion will be denied. The jury was then polled on the verdict against the defendant, Milton R. Unger, in the sum of $5,341.71, and the jurors stood eleven to one on this verdict, and the jury was then polled on the verdict against Herbert E. Woodward, Inc., in the sum of $1,335.45, and the jurors stood ten to two on said verdict.''

The jury was thereupon dismissed and the last mentioned verdicts were filed. Thereafter plaintiff presented a motion to the court for an order directing that judgment be entered against defendant Unger in the sum of $6,677.16 and against Herbert E. Woodward Company, in the sum of $5,000. The court denied this motion and ordered judgment for plaintiff against defendant Unger in the sum of $5,341.71 and against defendant Herbert E. Woodward Company in the sum of $1,335.45.

It is obvious that the jury fixed the damages suffered by plaintiff in the sum of $6,677.16. This is apparent not only from the first verdict rendered but also from the later verdict, in which the total of the verdicts rendered against Unger and against the Woodward company equals the sum of $6,677.-16. The trial court did not give the jury any aid whatever after they had made the error of returning a verdict against the Woodward company in a sum greater than $5,000 but merely told the jury ''to fix up their verdict'', assuming, apparently, that they had received sufficient information from the discussion of the lawyers. The jury should have been given more complete and definite instructions on the point. The way was also open to the trial court to adjust the matter on motion for a new trial so that the proper judgment could be entered against the Woodward company. Neither course was followed by the trial court with the obvious result that there has been a miscarriage of justice.

It is argued by plaintiff that this court should now direct judgment against Unger in the sum of $6,677.16 and against the Woodward company in the sum of $5,000. We are confronted, however, with the fact that the jury has returned a verdict against Unger in the sum of $5,341.71 on which they have been polled, a verdict that is clearly in conflict with the verdict returned against the same defendant in a larger amount. Plaintiff makes the suggestion that if on the state of the record a judgment against Unger cannot be or-

dered in the sum of $6,677.16, this court should permit the judgment to stand against Unger in the sum of $5,341.71 and should direct that judgment be entered against the Woodward company in the sum of $5,000. This suggestion should be followed. Undoubtedly plaintiff is entitled to a judgment against defendant Unger, the driver of the car, in the sum of at least $5,341.71. It follows as a matter of law that he is entitled to a judgment against the Woodward company, the owner of the car, in the sum of $5,000. It has been held that the judgment against the owner of a car who has permitted another to drive it should be in the same amount as the judgment against the driver who has negligently caused damages, with the limitation that the judgment against the owner cannot be for a sum in excess of $5,000. (*Bradford* v. *Brock,* 140 Cal. App. 47 [34 Pac. (2d) 1048]; *Kerrison* v. *Unger,* 135 Cal. App. 607 [27 Pac. (2d) 927].) Since plaintiff has expressed a willingness to accept the judgment against Unger in the sum of $5,341.71 it would be a useless and extravagant gesture to return the case to the trial court for the purpose of directing a jury to return a verdict against the Woodward company in the sum of $5,000.

The judgment against Milton R. Unger is affirmed. The judgment against Herbert E. Woodward, Inc., in the sum of $1335.45 is vacated and the superior court is directed to enter a verdict against the last-named defendant in the sum of $5,000, as of the date of December 16, 1938. The appeal from the order of the court denying plaintiff's motion for a judgment against defendant Milton R. Unger in the sum of $6,677.16 is dismissed. The plaintiff shall recover costs on appeal.

MOORE, P. J., Concurring.—I concur.

Plaintiff's only injuries were those caused by defendant Unger. The jury assessed the damages flowing therefrom at $5,341.71. This being the only damage fixed for the only injuries received, it follows that the owner-defendant must pay the portion thereof predetermined by statute as the owners' obligation. To hold otherwise were to substitute the arbitrary notion of a jury for the law of the land. Courts must be on their guard to see that rights established by statute be not abridged or allowed to suffer diminution.

The trial court having refused to follow the proper procedure upon the return of the insufficient verdict after plaintiff's request (*Kerrison* v. *Unger,* 135 Cal. App. 607 [27 Pac. (2d) 927]) and the defendants having protested against such further procedure, there is nothing left for this court to do except to authorize that which should have been done by the trial judge, and because of such protest of defendants it does not lie with them on this appeal to make objection now. (*Brown* v. *Regan,* 10 Cal. (2d) 519 [75 Pac. (2d) 1063].)

McCOMB, J., Dissenting.—I dissent.

The jury in the above-entitled case returned a verdict against the defendant Milton R. Unger, the driver of the automobile, and defendant Herbert E. Woodward, Inc., owner of the car, in the sum of $6,677.16.    Thereafter upon instructions of the court the jury retired and returned a verdict against defendant Unger in the sum of $5,341.71 and against defendant Herbert E. Woodward, Inc., in the sum of $1335.45.

This court by increasing the amount of the verdict against defendant Herbert E. Woodward, Inc., is depriving said defendant of the constitutional right to a jury's determination of one of the main issues in the case, to wit, the amount of damage to be assessed, and in my opinion is substituting the judgment of this court for that of a trial jury.

It is fallacious to say that the jury fixed the damage against defendant Herbert E. Woodward, Inc., in the sum of $5,000 by its first verdict, for the reason that by its second verdict it fixed the damage against the same defendant in the amount of $1335.45.    In fact, there is no way to determine the amount of the verdict the jury intended to return against this defendant, the verdicts which were returned being totally and wholly irreconcilable.

Hence in my opinion the judgment should be reversed and a new trial granted.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 14, 1939.