137 Cal.App.2d Supp. 843 (1955)
MARVINE L. IRVINE, JR., et al., Plaintiffs and Appellants,
v.
GEORGIA L. WILSON et al., Defendants and Appellants.
California Court of Appeals. 
Oct. 31, 1955.
 Fitzgerald & Selleck and Willard M. Sinclair for Plaintiffs and Appellants.
 Gertrude Pollard, in pro. per., Kaminar & Sorbo, Myron P. Kaminar, Murphy & Albert and Harry Albert for Defendants and Appellants.
 BURCH, J.
 The appeals in this action involve the application of the ownership and permissive use provisions of section 402, subdivision (a), of the Vehicle Code.
 Mrs. Pollard's 1949 Cadillac, while being operated by her daughter, Mrs. Wilson, collided with and damaged plaintiff's automobile. Mrs. Pollard had delivered the Cadillac, together with the registration certificates, duly indorsed, to Mr. Wilson, sales manager of a secondhand automobile sales lot, only for the purposes of sale. Mrs. Pollard gave no express permission to her daughter to operate the Cadillac on the day [137 Cal.App.2d Supp. 846] of the accident, but had, before delivering its possession to Mr. Wilson, authorized her on occasions to drive it only to the grocery store. Mrs. Wilson had express permission from Mr. Wilson to take the Cadillac from the sales lot on the day of the accident.
 On this and evidence later stated herein, the trial court found that Mrs. Pollard, though an owner, had not given permission for Mrs. Wilson's use at the time of the accident. Plaintiffs have appealed from this part of the judgment.
 Mr. Wilson received possession of the Cadillac and the indorsed certificates of registration and assigned insurance on September 13 or 14. The accident occurred on September 22, 1952. On September 19 he surrendered the certificate of ownership to his bank as security for a loan, after indorsing in the space provided his own name as the transferee and the new owner for the purposes of the registration provisions of the Vehicle Code. (Veh. Code, 56 and 175 et seq.) He collected the insurance and paid for the repairs to the Cadillac after the accident. He expressly granted to his wife permission to take the Cadillac on the day of the accident.
 Upon this evidence the court found he was an owner and granted permission for the use. From this portion of the judgment Mr. Wilson appeals.
 There is no appeal by Mrs. Wilson from the judgment against her.
 [1] Whether an owner grants permission is a question of fact to be proved at the trial. (Scheff v. Roberts, 35 Cal.2d 10, 12, 13 [215 P.2d 925].) It is an essential element of proof in order to establish the statutory liability for imputed negligence under section 402, subdivision (a), of the Vehicle Code. (Scheff v. Roberts, supra; Casey v. Fortune, 78 Cal.App.2d 922, 923 [179 P.2d 99].) [2] The burden is on the plaintiff to prove the permission. (Henrietta v. Evans, 10 Cal.2d 526 [75 P.2d 1051]; Mucci v. Winter, 103 Cal.App.2d 627 [230 P.2d 22]; Fountain v. Bank of America, 109 Cal.App.2d 90 [240 P.2d 414].) [3] Here there was no express permission by Mrs. Pollard, and while knowledge on her part is no longer considered necessary to establish implied permission (Burgess v. Cahill, 26 Cal.2d 320 [158 P.2d 393, 159 A.L.R. 1304]; Scheff v. Roberts, supra), and the inference has been drawn from evidence of permission for general use and the surrender of possession to another (Souza v. Corti, 22 Cal.2d 454 [139 P.2d 645, 147 A.L.R. 861]; Hobbs [137 Cal.App.2d Supp. 847] v. Transport Motor Co., 22 Cal.2d 773 [141 P.2d 738]; Davidson v. Ealey, 69 Cal.App.2d 254 [158 P.2d 1000]), or the driver's use of the vehicle on other occasions (Phillips v. Cuccio, 5 Cal.App.2d 520 [42 P.2d 1050]), the circumstances here present do not demand the finding of implied permission as a matter of law. (Henrietta v. Evans, supra; Engstrom v. Auburn Auto. Sales Corp., 11 Cal.2d 64 [77 P.2d 1059]; Rose v. Porter, 101 Cal.App.2d 333 [225 P.2d 245].)
 [4] The authority of Mr. Wilson, so far as the record indicates, was limited to those uses which would promote the sale. Clearly, this did not include the accommodation of Mrs. Wilson's personal needs. Had Mr. Wilson been present in the Cadillac or himself operating it at the time of the accident, Mrs. Pollard's liability for his negligence would be supported by the fact that she gave him full control of the vehicle, and the use would be that of her permittee. However, as her agent for the limited purposes of sale he acted beyond his bailment. [5] To hold Mrs. Pollard liable would be to hold that a bailor is liable for acts of the bailee outside the contract of bailment. The court, perhaps, might have inferred that Mrs. Pollard would expect her son-in-law to accede to her daughter's demand, but the court did not so infer and was not obliged to do so. Mrs. Wilson, of course, knew the limitation of her husband's right, as did he, and in the circumstances the trial court could have concluded that the express permission sought and obtained implied a willful violation of Mrs. Pollard's accepted right to give or withhold permission.
 The case here is not one where a borrower for general uses permits a third person to operate. Instead there is here a question of fact of the owner's permissive use. The principle is illustrated in Helmuth v. Frame, 46 Cal.App.2d 381 [115 P.2d 852], and Barcus v. Campbell, 90 Cal.App.2d 768 [204 P.2d 65], wherein the Supreme Court denied a hearing. As said by Mr. Justice Griffin in the last cited case: "There is evidence that would justify the belief, by the trial judge, that plaintiff had not met the burden of proof in establishing permissive use of the Plymouth by Campbell at the time and place of the accident involved."
 [6] The record indicates that Mr. Wilson had the car in his possession for sale and nothing else. When he took title in his own name, borrowed money on the security of the car, and loaned the car to his wife for her personal uses, all without [137 Cal.App.2d Supp. 848] authority of Mrs. Pollard, he became a converter. (See George v. Bekins Van & Storage Co., 33 Cal.2d 834 [205 P.2d 1037].)
 [7] As Mr. Justice Schauer pointed out in the concurring opinion in Souza v. Corti, 22 Cal.2d 454, at page 462 [139 P.2d 645, 147 A.L.R. 861]: "When a person to whom an automobile has been entrusted embezzles it, and converts it to his own use in derogation of the title of the owner, I think the owner should not be held fictionally to have consented to usage which he did not in fact consent to, either expressly or impliedly." [8] The Justice's next sentence points to the distinction between this case and the cases of permission for general use: "But when the usage which the bailee makes of a borrowed vehicle does not amount to a conversion of it, his mere disobedience of admonitions as to his personal conduct in the operation of the automobile within the scope of the authorized use (emphasis ours) should not exculpate the owner from the liability otherwise imposed by the statute."
 [9] The distinction is emphasized in the case of Herbert v. Cassinelli, 73 Cal.App.2d 277, 281 [166 P.2d 377], wherein the court said: "It therefore appears that in this class of cases the significant factor is the fact that the owner has committed the general use of the car to the permittee, and this use is not converted into a special one because the permission may have been accompanied by an express admonition not to permit anyone else to drive the car. (Souza v. Corti, supra, page 460; Haggard v. Frick, 6 Cal.App.2d 392 [44 P.2d 447]; Herbert v. Cassinelli, supra, at page 665 (61 Cal.App.2d 661 [143 P.2d 752]). See also Burgess v. Cahill, 26 Cal.2d 320, 324 [158 P.2d 393, 159 A.L.R. 1304].)"
 We conclude on this phase of the case that there was substantial evidence that Mrs. Wilson's operation was not, as a matter of law, with Mrs. Pollard's implied permission. [10] A judgment supported by the evidence must be affirmed on appeal. (Pacific Finance Corp. v. Foust, 44 Cal.2d 853, 854 [285 P.2d 632].)
 We are also of the opinion that the judgment against Mr. Wilson as an owner should be affirmed.
 [11] Section 402, subdivision (a), imputes the liability to the registered owner under the provisions of the act as against the legal owner. (Piacun v. Hexem, 18 Cal.App.2d 145 [63 P.2d 315]; Bunch v. Kin, 2 Cal.App.2d 81, 85 [37 P.2d 744].) [12] The Vehicle Code provisions for registration are not conclusive as to who may be an owner under section 402, subdivision (a) (Logan v. Serpa, 91 Cal.App.2d 818 [137 Cal.App.2d Supp. 849] [206 P.2d 70]), nor do they control in controversies of adverse claimants of owners.
 [13] It has, however, been held that one in Mr. Wilson's position who had possession of the motor vehicle, and held the certificate of ownership as the transferee and who indorses his name thereon and forwards the certificate to the Department of Motor Vehicles, is an owner and subject as such to the statutory liability. (Collard v. Love, 17 Cal.App.2d 72 [61 P.2d 458].)
 As the New York court said in the case of Shuba v. Greendonner, 271 N.Y. 189 [2 N.E.2d 536]: "Whether we call it estoppel or whether we decide that the action of the legislature in regulating the use of such vehicles in this state establishes our public policy makes no difference in the final result."
 [14] From the record it is clear that Mr. Wilson intentionally represented himself as the registered owner and expressly granted permission to his wife to operate the Cadillac on the occasion of the accident. He is therefore liable as an owner within the contemplation of section 402, subdivision (a), of the Vehicle Code.
 The judgment is affirmed.
 Turrentine, P. J., and Glen, J., concurred.